UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

======================================

JACOB MUELLER individually and
on behalf of all others similarly situated

                    Plaintiff,

      -against-

ADMIN RECOVERY LLC

                    Defendant.

======================================

## CLASS ACTION COMPLAINT

### *I.  Introduction*

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

1. Plaintiff Jacob Mueller brings this action to secure redress from unlawful collection practices engaged in by Defendant Admin Recovery LLC. Plaintiff alleges and avers violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

-1-

## II. Parties

3. Plaintiff is a citizen of the State of New York who resides within this District.

4. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located in Phoenix, Arizona.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III. Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV. Allegations

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about November 4, 2017, Admin Recovery LLC sent a collection letter to the Plaintiff Jacob Mueller. (see attached exhibit)

12. The said letter was an effort to collect on a consumer debt.

13. Upon information and belief, the said letter was the Defendant's initial communication with the Plaintiff.

14. Said letter stated the following: "UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THAT THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF THE JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR."

15. Defendant's letter misrepresented the Plaintiff's right to dispute the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(4).

16. Section 1692g(a) provides:

"Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, **or any portion thereof**, the debt will be assumed to be valid by the debt collector - 15 U.S.C. § 1692g(a)(3); (emphasis added.)

17. The written notice must also contain:

a statement that if the consumer notifies the debt collector in

writing … that the debt, **or any portion thereof**, is disputed, the debt collector will obtain verification of the debt … and a copy of such verification … will be mailed to the consumer by the debt collector - 15 U.S.C. § 1692g(a)(4). (emphasis added.)

18. In the Ninth Circuit, "the impact of language alleged to violate section 1692g is judged under the 'least sophisticated debtor' standard. Swanson, 869 F. 2d at 1225. If a court finds "that the least sophisticated debtor would likely be misled by the notice which [the debtor] received from the [debt collector], [a court] must hold that the credit service has violated the Act." Id.

19. Defendant failed to send a written notice containing a statement that if Plaintiff notifies Defendant in writing, within the thirty-day period, that the debt, **or any portion thereof**, is disputed, the Defendant would obtain verification of the debt and that a copy of the verification would be mailed to the Plaintiff, in violation of Section 1692g(a)(4).

20. Defendant's letter failed to clearly differentiate between disputing a debt, or any portion thereof, and obtaining verification of a debt.

21. The least sophisticated debtor could be led to believe that his/her notification to the debt collector is merely in order to obtain verification of the debt, but not to dispute the debt.

22. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.[1]

---

[1] See *Foresberg v. Fidelity Nat'l Credit Servs., Ltd.*, 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004) (The collector's omission from the validation notice of the consumer's right to dispute any portion of the debt violated the Act.); *Bailey v. TRW Receivables Mgmt. Servs., Inc.*, 1990 U.S. Dist. LEXIS 19638 (D. Haw. Aug. 16, 1990) (The § 1692g notice did not notify the consumer that any portion of the debt could be disputed and verified. The failure to notify the consumer that any portion of the debt could be disputed and verified violated 1692g.); *McCabe v. Crawford & Co.*, 210 F.R.D. 631 (N.D. Ill. 2002) (A claim was stated where the collector's letter failed to inform the consumer that he may dispute ''any portion'' of the

23. Defendant's November 4, 2017 letter violated 15 U.S.C. §§ 1692e, 1692e(10), & 1692g(a)(4), for false and deceptive representations and for failing to comply with the validation notice requirements, in particular, for misrepresenting Plaintiff's right to dispute the debt and misrepresenting Plaintiff's right to obtain verification of the debt.

24. Within the one year immediately preceding the filing of this complaint, the Defendant contacted the Plaintiff on multiple occasions via telephone and left numerous voice messages in an attempt to collect the alleged obligation.

25. During the said calls, Defendant failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiff that the calls were from a debt collector or that the Defendant was attempting to collect a debt.

26. Each of the messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. Each of the above messages uniformly failed to identify the callers as debt collectors attempting to collect a debt.

28. The only way for Plaintiff and/or any least sophisticated consumer to obtain the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages, is to place a return call to the telephone number provided in the messages and speak with a debt collector employed by Admin Recovery LLC, and to provide the debt collector with personal information.

29. The Defendant intended that the messages have the effect of causing

---

debt.); *Beasley v. Sessoms & Rogers, P.A.*, 2010 WL 1980083 (E.D.N.C. Mar. 1, 2010) (The court found that the validation notice violated § 1692g(a)(4) by omitting the "in writing" requirement that she could dispute any portion of the debt.)

Plaintiff, and least sophisticated consumers to place return calls to the telephone number provided in the messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages.

30. Scores of federal court decisions -- including the 2nd Circuit Court of Appeals and Districts Courts within the State of New York -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

31. At all times relevant to this action, Admin Recovery LLC was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating its company name and stating the nature and/or purpose of the call.

32. At all times relevant to this action, Admin Recovery LLC willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating its company name and stating the nature and/or purpose of the call.

33. The Defendant's act of leaving the said messages for Plaintiff is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

34. The Defendant's act of leaving the said messages for Plaintiff constitutes

the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

35. The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that Admin Recovery LLC is a debt collector in a manner understandable to the least sophisticated consumer, the Defendant has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

36. It is Defendant's policy and practice to leave voice messages for consumers and other persons, such as the above said messages, that violate the FDCPA by, inter alia:

37. Failing to provide meaningful disclosure of Admin Recovery LLC's identity; and

38. Failing to disclose that the call is from a debt collector; and

39. Failing to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt.

40. Upon information and belief, such messages, as alleged in this complaint, number at least in the hundreds.

41. Upon information and belief, the said messages were either pre-scripted or pre-recorded.

42. Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

43. The said telephone messages are in violation of 15 U.S.C. §§ 1692d(6),

1692e, 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector which constitutes a deceptive practice.

44. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

45. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

46. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

47. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

48. The Plaintiff alleges and avers that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

49. The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

50. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

51. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

52. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### V. Class Allegations

53. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

54. The identities of all class members are readily ascertainable from the records of Admin Recovery LLC and those business and governmental entities on whose behalf it attempts to collect debts.

55. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Admin Recovery LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

56. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

57. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

58. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

59. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter.

Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

60.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

61.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

62. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

63. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## *VI. Cause of Action*

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

 a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

 b) the collection letter was sent to a consumer seeking payment of a personal debt;

 c) the collection letter was not returned by the postal service as undelivered;

 d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), & 1692g(a)(4), for false and deceptive representations and for failing to comply with the validation notice requirements, in particular, for misrepresenting Plaintiff's right to dispute

the debt and misrepresenting Plaintiff's right to obtain verification of the debt.

66. This cause of action is brought on behalf of Plaintiff and the members of an additional class of whom Defendant's records reflect resided in the State of New York:

> a) who received telephonic messages from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint;
>
> b) the telephone messages were placed without setting forth that the communication was from a debt collector; and
>
> c) without meaningful disclosure of the caller's identity; and
>
> d) the Plaintiff asserts that the telephone messages were in violation of 15 U.S.C. §§ 1692d(6), 1692e, 1692e(10) and 1692e(11).

### *VII. Violations of the Fair Debt Collection Practices Act*

67. The Defendant's actions as set forth above in the within complaint violates the FDCPA.

68. Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

69. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### VIII. Jury Demand

70. Plaintiff demands a trial by jury.

### IX. Prayer for Relief

71. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2) Attorney fees, litigation expenses and costs of suit;

3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
   December 18, 2018

/s/ David Palace
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012



45 Earhart Dr., Suite 102  
Williamsville, NY 14221-5841

18

ADMIN RECOVERY, LLC  
45 Earhart Dr., Suite 102  
Williamsville, NY 14221-7809  
1-866-703-7961 ~ Fax (716) 580-3823

November 4, 2017

Jacob Mueller  
Redacted

Creditor: TD Bank N.A.  
Creditor Account Number: Redacted 3479  
Admin Recovery Reference Number: Redacted  
Date of Charge-Off: 05/10/2013  
Date Creditor Placed Account with Admin Recovery, LLC: 10/31/2017  
Total Account Balance Due as of Date of Charge-off: $13,817.12  
Total Amount of Interest Accrued Since Charge-off: Not Applicable  
Total Amount of Non-Interest Charges or Fees Accrued Since Charge-off: Not Applicable  
Total Amount of Payments Made on Balance Due Since Charge-off: 0.00

Dear Jacob Mueller:

The above referenced Creditor and owner of Creditor Account Number Redacted 3479 has placed this account with this office for collection.

You may contact our office toll free at 1-866-703-7961, Monday and Tuesday from 9:00am-9:00pm, Wednesday and Thursday from 9:00am-8:00pm, and Friday from 9:00am-5:00pm EST. Please refer to the Admin Recovery Reference Number indicated above. We would like to protect your privacy, please be prepared to answer security questions. You may also visit us at our website at www.adminrecovery.com.

**VALIDATION NOTICE**

UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THAT THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF THE JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**NOTICE:** See Reverse Side for Important Information

Sincerely,

Timothy Ciffa  
Vice President of Collections  
Admin Recovery, LLC

▲ Detach this portion and return with your payment in the envelope provided. ▲

ADMIN RECOVERY, LLC  
45 Earhart Dr., Suite 102  
Williamsville, NY 14221-7809  
1-866-703-7961

Jacob Mueller  
Redacted  
BROOKLYN NY 11219-2026

ADMIN RECOVERY, LLC  
45 Earhart Dr., Suite 102  
Williamsville, NY 14221-5841

| IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW | |
|---|---|
| CARD HOLDER NAME | |
| ACCOUNT NUMBER Redacted 43 | |
| CARD NUMBER | CVV/CID (3 or 4 Digit Code on Back of Card) |
| SIGNATURE | EXP. DATE |
| AMOUNT | ☐ Check Here If Cardholder Address Is The Same. If Not, Provide Cardholder Address On Back of Statement |

☐ VISA  ☐ MasterCard